Dear Mr. Anderson:
In a recent letter you asked for an opinion from this office concerning the legality of the voiding of municipal tickets by the city's Chief of Police. Specifically, you asked if certain traffic tickets may be held by the Chief of Police before being processed in the city court and prosecuted by the city attorney.
The disposition of traffic citations is addressed in LSA-R.S. 32.398.2. It provides, in part, as follows:
`A. Each traffic enforcement officer upon issuing a traffic citation to an alleged violator of any provision of the motor vehicle laws of this state or of any traffic ordinance of any city or town shall deposit the original citation or a copy of such traffic citation with a court having jurisdiction over the alleged offense or with the appropriate traffic violations bureau.'
`B. Upon the deposit of the original citation or a copy of the traffic citation with a court having jurisdiction over the alleged offense or with the traffic violations bureau as set forth herein, the original citation or copy of such traffic citation shall be disposed of only by trial in the court of proper jurisdiction or any other official action by a judge of the court, including forfeiture of the bail, or by the deposit of sufficient bail with the traffic violations bureau or payment of a fine to said bureau by the person to whom such traffic citation has been issued.'
`C. It shall be unlawful for any traffic enforcement officer or any other officer or public employee to dispose of a traffic citation or copies thereof or of the record of the issuance of the citation in a manner other than as required herein.'
`F. Nothing herein shall be construed as prohibiting or interfering with the authority of a district attorney or other prosecuting attorney to dismiss a traffic citation or charge by entry of a nolle prosequi.' (Emphasis added.)
Furthermore, LSA-R.S. 32:398.3 provides, in pertinent part, as follows:
`A. Any person who cancels or solicits the cancellation of any traffic citation, in any manner other than as provided in this Part, shall be guilty of a misdemeanor, and shall, upon conviction, be fined not more than five hundred dollars or imprisoned for not more than six months or both.'
LSA-R.S. 32:398.2 mandates that a traffic enforcement officer, upon issuing a traffic citation to alleged violators of traffic ordinances, deposit the original traffic citation or a copy of the citation with a court (or traffic bureau) having jurisdiction over the matter. It can then be disposed of by the court or by the entry of a nolle prosequi by the prosecuting attorney. Disposition in any other manner inconsistent with this would be in violation of state laws.
Thus, it is the opinion of this office that the voiding of traffic tickets by the Chief of Police, or disposition by any procedure other than the procedure mandated by state law is illegal.
Sincerely,
William J. Guste, Jr. Attorney General
By: Cassandra A. Simms Staff Attorney
 Office of the Attorney General State of Louisiana
 Opinion No. 93-313 August 6, 1993
71 MUNICIPALITIES 77 OFFICERS — Local Municipal; Selection Qualifications de Tenure; Vacancies La. R.S. 32:398.2 La. R.S. 33:441.8
Power to dismiss citations is granted primarily to the prosecuting attorney and secondarily to the court. Prosecuting attorney may dismiss at his discretion before jeopardy attaches and with the consent of defendant after jeopardy attaches. Mayor who appoints magistrate to preside over mayor's court has no authority to dismiss citations. Magistrate can only dismiss citation if legal defect exists or for legally insufficient evidence. Chief of Police has no authority to dismiss citation once citation has been issued.
Mr. Keith W. Manuel Attorney for Town of Cottonport 113 East Ogden Street Marksville, LA 71351